UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Sophia Boyages,<br><br>            Plaintiff,<br><br>      v.<br><br>The University of Vermont and State Agricultural College<br><br>            Defendant. | Case No.: 2:24-cv-538 |

# COMPLAINT

Plaintiff, Sophia Boyages ("Plaintiff" or "Ms. Boyages"), by and through her undersigned attorneys, for her Complaint against Defendant the University of Vermont and State Agricultural College ("Defendant" or "UVM") states and alleges, on knowledge as to her own actions, and otherwise on information and belief, as follows:

## INTRODUCTION

1.      Plaintiff brings this action seeking monetary relief for Defendant's copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

2.      Ms. Boyages designed and created a front facing mountain lion head design (the "SophCat Design") in which she owns all the rights, title, and interest in the copyright.

3.      UVM, by way of its Athletic Department, is making unauthorized use of the SophCat Design and is engaged in the misconduct knowingly and in violation of the United States Copyright Law.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. The Court has personal jurisdiction over Defendant because Defendant has purposefully directed their unlawful conduct to this judicial district and conducts substantial business in this judicial district.

6. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here and Defendant resides in this district.

## PARTIES

7. Sophia Boyages, former administrative assistant to the Director of Athletics in the Athletic Department at UVM, is an individual located in Ohio.

8. Upon information and belief, Defendant the University of Vermont and State Agricultural College is a public institution in Burlington, Vermont located at 85 S. Prospect Street 357 Burlington, Vermont 05405 and is liable and responsible to Plaintiff based on the facts herein alleged.

## FACTS

9. Ms. Boyages is a skilled artist who studied studio art with a concentration in graphic design at Denison University.

10. Ms. Boyages owns all copyrights for the SophCat Design depicted in **Exhibit 1**.

11. Ms. Boyages is the exclusive owner of all rights, title, interests, and privileges in and to the SophCat Design.

12. The SophCat Design is registered with the United States Copyright Office as seen in the registration depicted in **Exhibit 2**.

13. The SophCat Design is a new and original work and was not derived from UVM's original catamount logo (see **Exhibit 3**), although both are mountain lion designs, each presents original representations of a profile and front-facing head of a mountain lion. A derivative work must involve an original work being "recast," "transformed," or "adapted," and nothing like that took place here, as the SophCat Design is original and distinctive when compared to the original UVM logo.

14. Ms. Boyages was an administrative assistant to the Director of Athletics at UVM where she provided high level administrative and clerical support to the Athletic Department and the Director of Athletics.

15. Ms. Boyages' job functions and duties consisted of the following:

   a. **Executive support for Director of Athletics**. Manage calendar; schedule and confirm meetings with internal and external constituents; handle meeting preparation and coordinate necessary follow-up; manage ad's incoming mail (regular and email) and assist with prioritizing and organizing responses; create and generate reports as needed; maintain confidential files; coordinate and or create powerpoint/presi and other presentations; preparation of briefing materials for meetings, travel, and on/off campus events; and coordinate with liaison to president, provost, and other coordinators as needed

   b. **Coordination of AD Travel, briefings and reports.** Book accommodations and arrange other travel logistics as needed; provide travel itineraries; compose follow-up correspondence and related documents; prepare expense reports and other forms and related materials; and create databases and generate specialized reports.

   c. **General Office Coverage.** Provide coverage for main administrative office suite; answer general athletic phone calls; and greet office visitors.

   d. **Support for other senior departmental administrators and department wide meetings.** Schedule meeting dates, locations and guest speakers; coordinate catering as needed; create and coordinate agendas as needed; coordinate staff meetings and meeting locations; and attend and take minutes at departmental staff meetings and meetings of Athletic Advisory Board.

16. Ms. Boyages was the only support staff member invited to the brand working group meetings for the Athletic Department because department directors knew of her special skills in graphic design and wanted to leverage her skills and expertise.

17. Unbeknownst to the members and directors of the Athletic Department and UVM, Ms. Boyages, in her own time and with her own resources, independently created a new and original logo design, which she entitled the SophCat Design, without any artistic or creative contribution, oversight, or instruction from any of the members or directors of the Athletic Department or UVM.

18. Ms. Boyages created the SophCat Design because she saw an opportunity to showcase her skills and value in hopes of being promoted within the Athletic Department or receiving credit and compensation for the SophCat Design.

19. With hopes of being promoted and/or credited and compensated, Ms. Boyages presented the SophCat Design to the members and directors of the Athletic Department as a potential idea for a secondary logo on January 31, 2023, even though she had no obligation to share the design with UVM or its Athletic Department.

20. Without Plaintiff's consent or authorization, and without any renumeration to Plaintiff, the Defendant willingly copied, reproduced, displayed, and published the SophCat Design, including, but not limited to, the following as depicted in **Exhibit 4**:

    a. Press release stating that the design is the University's secondary logo.

    b. Applied for Federal Trademark protection with the United States Patent and Trademark Office. Please see applications attached in Trademark Application Serial Numbers 98023005, 98023029, 98044465, and 98044488.

    c. Using the design in paid partnership advertisements on Instagram and Facebook.

    d. Posting the design as a photo on the University's Facebook page.

    e. Placing the design on media microphones.

    f. Placing the design on clothing, sporting equipment, including uniforms, and memorabilia.

    g. Using the design as wall signage in the University's facilities.

    h. Using the design as the Instagram profile photos for athletic team accounts.

    i. Using the design as school letterhead.

  j. Using the design as part of advertising and marketing for the athletic teams and individual athletes.

21. Defendant failed to include an intellectual property clause in the Plaintiff's employment contract and failed to incorporate the intellectual property clause by reference in the employment contract.

22. Defendant failed to provide the Plaintiff with an employee handbook that discusses the policies and procedures of the University.

23. Defendant failed to provide Plaintiff with the University's policy relating to intellectual property or an assignment contract prior to the start of the meetings or after the SophCat Design was presented to the Athletic Department.

24. Upon information and belief, Defendant failed to obtain a license to use the SophCat Design, thereby infringing on Plaintiff's copyrights in and to the SophCat Design.

25. Defendant engaged in the infringement knowingly and in violation of applicable United States Copyright laws.

26. Upon information and belief, UVM has received a financial benefit directly attributable to the infringement.

27. Upon information and belief, UVM has paid millions of dollars, in the past, for University logos, and is now using the SophCat Design as a University logo for free.

## FIRST COUNT

**(Direct Copyright Infringement, 17 U.S.C. § 501 *et seq*.)**

28. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

29. The SophCat Design is an original, creative work in which the Plaintiff owns a valid copyright.

30. The SophCat Design is properly registered with the United States Copyright Office and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the United States Copyright Office.

31. Plaintiff has not granted Defendant a license or right to use the SophCat Design in any manner, nor has Plaintiff assigned any of her exclusive rights in the copyright to Defendant.

32. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, public display, and published the SophCat Design without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the SophCat Design in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

33. Upon information and belief, Defendant's infringing conduct alleged herein was, and continues to be, willful and with full knowledge of Plaintiff's rights in the SophCat Design and has enabled Defendant to illegally obtain profits therefrom.

34. As a direct and proximate result of Defendant's infringing conduct, Plaintiff has been harmed and is entitled to damages and recovery of Defendant's profits attributable to Defendant's infringement, and an accounting of and a constructive trust with respect to such profits pursuant to 17 U.S.C. § 504(b).

35. Alternatively, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), for Defendant's willful infringing conduct.

36. Plaintiff further is entitled to her attorneys' fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the SophCat Design in violation of the Copyright Act, 17 U.S.C. §501 *et seq*, and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the SophCat Design by reproducing, distributing, publishing, and displaying it without consent, license or assignment;

b. for damages and recovery of Defendant's profits attributable to Defendant's infringement, and an accounting of and a constructive trust with respect to such profits pursuant to 17 U.S.C. § 504(b);

c. for statutory damages pursuant to 17 U.S.C. § 504(c), for Defendant's willful infringing conduct;

d. for Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505 from Defendant; and

e. for any other relief as the Court deems just and proper.

## **REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable

Respectfully submitted,

DATED: May 15, 2024

**PRIMMER PIPER EGGLESTON & CRAMER PC**

By: /s/ Jeremy S. Grant
Jeremy S. Grant, Esq.
ERN: 9357
30 Main Street, Suite 500
P.O. Box 1489
Burlington, VT 05402-1489
(802) 864-0880
jgrant@primmer.com